IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVANGELISTIC C.U. GODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-963-GBW |
| | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| NATURAL RESOURCES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## __MEMORANDUM OPINION__

Evangelistic C.U. Godson.  Wilmington, Delaware.  Pro Se Plaintiff.

October 22, 2022
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff Evangelistic C.U. Godson commenced this action on July 22, 2022.

(D.I. 2)   He appears *pro se* and has been granted leave to proceed *in forma*

*pauperis*.   (D.I. 6)   Plaintiff has filed a number of motions.   (D.I. 7, 10, 11, 12, 13)

The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §

1915(e)(2)(b).

## I.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for

screening purposes.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d

Cir. 2008).  On April 24, 2022, Plaintiff was attacked by a dog while riding his

bike at Fox Point Park in Wilmington, Delaware.  (D.I. 2 at 3; D.I. 2-1 at 1)

Plaintiff called 911 and was referred to Animal Control.  (D.I. 2 at 3)  Plaintiff

waited for over an hour yet no police or anyone else came to assist him.  (*Id*. at 5)

Plaintiff also alleges that despite his repeated complaints, New Castle

County allows his neighbor to violate a county noise ordinance when the neighbor

uses a leaf blower early in the morning and the neighbor has dogs who bark early

in the morning.  (*Id*.)  Plaintiff sought Freedom of Information Acts requests from

Defendants New Castle County Public Safety, New Castle County Animal Control,

and DNREC Delaware Department of Natural Resources.  (*Id*.)  Plaintiff contacted

DELDOT to complain about the high volume of commercial vehicles that place

1

signs at both entrances to Plaintiff's street. (*Id.*) The person to whom he complained stopped communicating with him. (*Id.*) Plaintiff alleges that he "feels like" HUD knew of racial conflicts in his neighborhood when it sold Plaintiff property in 2012 and that property was encroached by Plaintiff's neighbor. (*Id.* at 6) Plaintiff received a suspicious package containing an animal product and believes it was sent by Animal Control. (*Id.* at 7) Plaintiff contacted Delaware Human Relations on June 22, 2022 to assist with discriminatory practices and "ran into a conflict of interest."[1] (*Id.*)

Plaintiff alleges discrimination by reason of his race and age. (D.I. 2 at 3) He seeks compensatory and punitive damages.

## II.   **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a

---

[1] Attached to the complaint is a Division of Human Relations Equal Accommodations Intake Questionnaire dated June 22, 2022, where Plaintiff complained of discrimination based upon his race and age by white police officers who took his complaint about the dog attack. (D.I. 2-1 at 1-4)

2

complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless

3

amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

## III. **DISCUSSION**

Plaintiff's remedy does not lie in this Court. Delaware's Equal Accommodations Act, codified at Title 6, Chapter 45, of the Delaware Code "is

4

intended to prevent, in places of public accommodations, practices of discrimination against any person because of race, age, marital status, creed, color, sex, disability, sexual orientation, gender identity, or national origin." 6 Del. C. § 4501. In *Miller v. Spicer*, 602 A.2d 65 (Del. 1991), the Delaware Supreme Court held that the Equal Accommodations Act does not authorize a private cause of action and that the Act's administrative remedies are the exclusive means for redressing the discriminatory practices prohibited by the Act. Accordingly, Plaintiff's only course of redress for discriminatory practices prohibited by the Act is to file a complaint with the administrative agency authorized by the Act—the Human Relations Commission. Once the Commission has ruled on the matter, it may be appealed to the Delaware Superior Court. *See* 6 Del. C. § 4511(a).

To the extent Plaintiff raises claims under 42 U.S.C. § 1983 or against HUD, a federal agency, the claims fail. The Delaware Department of Natural Resources and the Delaware Department of Transportation are immune from suit. *See Manuel v. Atkins,* 545 F. App'x 91, 95 (3d Cir. 2013) (Delaware DOT, as an agency of the State of Delaware has Eleventh Amendment immunity); *Smith v. Town of Dewey Beach*, 659 F. Supp. 752, 756 (D. Del. 1987) (Delaware Department of Natural Resources immune from suit under the Eleventh Amendment). Similarly the United States Department of Housing and Urban Development is immune from suit. *See Danihel v. Office of President of the*

5

*United States*, 616 F. App'x 467, 470 n.2 (3d Cir. 2015) (constitutional claims against HUD are barred by sovereign immunity.

The claims against New Castle County Public Safety and New Castle County Animal Control, in essence, are claims against New Castle County. They too, fail to state claims. Plaintiff fails to identify a relevant New Castle County policy or custom that would render it liable. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690-92 (1978) (ruling that a local government can be liable under § 1983 only when its policy or custom caused a constitutional violation). *See Williams v. Delaware Cnty. Bd. of Prison Inspectors*, 844 F. App'x 469, 475 (3d Cir. 2021). The claims against the New Castle County Defendants are frivolous and will be dismissed.

## IV.    <u>CONCLUSION</u>

For the above reasons, the Court will:  (1) deny as moot Plaintiff's motions (D.I. 7, 10, 11, 12, 13); and (2) dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii).  Amendment is futile.

An appropriate Order will be entered.

6